**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GLADYS MORENO, on behalf of herself
and all others similarly situated

               Plaintiffs,

          -against-

CREDIT PROTECTION ASSOCIATION
LP,
               Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

       Plaintiff GLADYS MORENO (hereinafter, "Plaintiff"), a New York resident, brings this action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant CREDIT PROTECTION ASSOCIATION LP, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After

determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, county of Kings.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692a(3).

10. Defendant is a corporation engaged in the business of debt collection with an address in Dallas, Texas.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to

collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers from whom Defendant collected or attempted to collect a Convenience Fee or other charge for paying their alleged debt via credit card on Defendant's website in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whom Defendant has collected, or attempted to collect, a Convenience Fee or other charge, in exchange for the consumer being allowed to pay their alleged debt via credit card on Defendant's website, where such charges were not authorized by the original agreement between the creditor and the consumer, in violation of specific provisions of the FDCPA. Plaintiff is complaining of a standard charge that Defendant apparently charges all consumers attempting to pay their alleged debts via credit card on Defendant's website, even though such charges are not authorized by the original agreement between the creditor and the consumer. (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class

4

treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to April 30, 2017, an obligation was allegedly incurred by Plaintiff to Cubesmart.

17. The Cubesmart obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Cubesmart obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Cubesmart is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Defendant contends that the alleged Cubesmart debt is past due.

21. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

22. Cubesmart, directly or through an intermediary, contracted Defendant to collect its debt.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. In its effort to collect on the Cubesmart obligation, Defendant mailed letters and/or placed a series of phone calls to Plaintiff requesting payment of the alleged debt owed.

25. Plaintiff was contemporaneously notified by Defendant of the option to make payment online via credit card.

26. After logging into Plaintiff's account, using the login information provided by Defendant, Plaintiff proceeded to navigate the Defendant's website to input her credit card information so that the alleged debt could be paid.

27. While attempting to pay the subject alleged debt, Plaintiff was confronted with Defendant's Pay by Credit Card Screen, which advised Plaintiff that the balance owed was $2,172.24.

28. Defendant's Pay by Credit Card Screen further included a charge for $5.25, which it specified as a 'Convenience Fee'. *See* **Exhibit A**.

29. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.

32. As such, Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality, the amount allegedly owed on the debt would preclude such action.

33. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

34. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §§1692e and 1692f *et seq.***
**The Charging of Unlawful Fees**

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

37. The notification and collection of the $5.25 convenience fee is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

38. Defendant's Convenience Fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

39. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

40. Defendant collected, or attempted to collect, an unauthorized convenience fee from consumers wishing to pay their alleged debt by credit card on Defendant's website, as illustrated on the screenshots annexed hereto as Exhibit A, to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

41. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

42. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of Convenience Fees on Defendant's website.

43. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

44. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a convenience fee on its website in violation of the FDCPA.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph H. Mizrahi, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi_____
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (917) 299-6612
Fax:     (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*_____
Joseph H. Mizrahi, Esq.

Dated:    Brooklyn, New York
          May 8, 2017